J. P. BAUMAN *et al., as Partners, etc.*, v. THOMAS MC-MANUS *et al., as Partners, etc.*

No. 15,891. (101 Pac. 478.) .

SYLLABUS BY THE COURT.

1. SALES—*Order Reserving Right to Cancel—Time.* Where a merchant orders goods to be shipped at a stipulated future date and reserves the right in such order to change or cancel it, and the time within which such right shall be exercised is not fixed, it must be done within a reasonable time.

2. ——— *Cancelation of Order—Reasonable Time.* What constitutes a reasonable time in such a case is a question of law if the facts and circumstances surrounding the transaction are undisputed. If not undisputed, it is a question of fact proper to be submitted to a jury. They can not be said to be undisputed when of such a character that different minds might reach different conclusions therefrom.

Error from Harvey district court; PETER J. GALLE, judge. Opinion filed April 10, 1909. Affirmed.

STATEMENT.

J. P. BAUMAN & SONS, a partnership, are wholesale merchants doing business in New York City. McManus Brothers, also a partnership, are merchants doing business at Newton, Kan.

On November 12, 1903, a traveling salesman of Bauman & Sons called upon McManus Brothers at their place of business and received an order from them for

a bill of goods, amounting to the sum of $354.64. The order was to be filled and shipped March 1, 1904. The purchaser reserved the right to change or cancel the order, but no time for the exercise of this right was named.

Bauman & Sons do a large business and manufacture the goods they sell, and were to manufacture the goods specified in this order. On January 21, 1904, McManus Brothers notified Bauman & Sons to cancel the order. This was refused and most of the goods were shipped as directed in the original order, but were not accepted by McManus Brothers at Newton.

Upon refusal to pay for the goods an action was commenced by Bauman & Sons in the district court of Harvey county, where the defendants recovered a judgment, which was reversed by this court and the case remanded for a new trial. (*Bauman v. McManus,* 75 Kan. 106, 89 Pac. 15, 10 L. R. A., n. s., 1138.) The case has been tried again and the defendants again obtained judgment for costs. The plaintiffs prosecute error to this court. On the trial in the district court the jury returned special findings of fact which read:

"(1) Ques. Did the defendants on or about the 12th day of November, 1903, give the plaintiffs' agent, Milton Shultz, an order for the goods in question? Ans. Yes, subject to cancelation.

"(2) Q. Did the plaintiffs notify the defendants by postal card on or about the 13th day of November that the order had been received and would receive prompt and careful attention? A. Yes.

"(3) Q. Was said postal card mailed to said defendants, properly addressed? A. Yes.

"(4) Q. When did the defendants first notify the plaintiffs that they desired to cancel said order? A. About January 21, 1904.

"(5) Q. Was said notification by letter? A. Yes.

"(6) Q. What was the date of the letter? A. About January 21, 1904.

"(7) Q. Did the defendants at the time they gave said order to the plaintiffs' agent know that plaintiffs were going to manufacture the goods for the defendants? A. Yes.

"(8) Q. At the time the defendants notified the plaintiffs that they desired to cancel the order were a great portion of the goods manufactured for defendants by plaintiffs? A. Yes.

"(9) Q. Did the plaintiffs manufacture and ship the goods in question to the defendants at Newton, Kan., as agreed upon? A. No.

"(10) Q. If you answer the foregoing question in the negative, state wherein they failed to so manufacture or ship said goods. A. Goods were short, and shipped after cancelation of defendants.

"(11) Q.. Why did the defendants refuse to accept said goods? A. Because they had been canceled."

Upon the subject of the manufacture of the goods by the plaintiffs the only evidence given was that of the plaintiffs' agent, who said:

"Ques. What is your territory? Ans. I cover Nebraska, Kansas, Oklahoma, Minnesota, northern Michigan, and northern Wisconsin.

"Q. You have to start out months ahead before the goods do? A. Not alone to cover the territory, but to have the goods made up for shipment.

"Q. You sell 1188 throughout this entire territory, do you not? A. Yes, sir.

"Q. You sold 1558 throughout the entire territory? A. Yes, sir."

"Q. You simply mean your house is a house that makes up things? A. Yes, sir.

"Q. And that these things which were ordered were simply standard things which were made that year for the trade? A. That season."

Among the instructions given to the jury was one which reads:

"(5) The defendants claim that when they gave the order for the goods in question they gave it on condition, and that it was expressly stipulated and agreed between the traveling salesman for the plaintiffs and the defendants that the order was subject to change and cancelation. I instruct you that if you believe from the evidence in the case, by a preponderance thereof, that when the order was given by the defendants it was given subject to change and cancelation, then the defendants could exercise such right of change or cancela-

tion, if they did it within a reasonable time after the giving of the order. As to what would be a reasonable time under the circumstances of the case is a question to be determined by the jury. In considering this question as to what would be a reasonable time, I instruct you that you have a right to take into consideration all the facts and circumstances of the case, including the fact that the plaintiffs were the manufacturers of the goods ordered and the proximity of the alleged countermand of the order to the time of shipment, and all the facts and circumstances in evidence that will assist you in determining that question. If you believe from the evidence, by a preponderance thereof, that the order was given subject to countermand, and that the defendants did countermand the order within a reasonable time, then the defendants would not be liable and your verdict should be for the defendants."

*S. B. Amidon,* and *D. M. Dale,* for plaintiffs in error.

*C. S. Bowman, H. C. Bowman,* and *Harry W. Hart,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: It is insisted by the plaintiffs that, McManus Brothers having reserved the right to cancel the order and no time having been fixed by the contract within which this right should be exercised, they were bound to do so within a reasonable time. It is further urged that what constitutes a reasonable time in this case is a question of law, and the court committed material error by submitting it to the jury.

It seems to be conceded that this is a question of law when the facts and circumstances surrounding the transaction are undisputed. But this concession does not remove the difficulty. When may it be said that the facts and circumstances surrounding a transaction are undisputed, so that the services of a jury may be dispensed with? It would seem from the general theory of jury trials that facts and circumstances from which different minds may draw different inferences should be submitted to a jury, that they may determine the

49—79 KAN.

conclusion best warranted by the evidence. An agreed statement of facts might furnish such a condition. In this view it does not necessarily follow that the testimony of witnesses which is not conflicting presents an undisputed state of facts which should not be submitted to a jury.

In this case the plaintiffs urge with great force that they manufacture the goods which they sell, and that the understanding was that the goods in question were to be made up by them. The claim is also made that the greater part of the goods intended for the defendants was already manufactured when notice was received to cancel the order. There is no direct evidence that the goods ordered were different from those kept in stock by the plaintiffs, or that the goods made for this order would not fit other orders as well. There are, however, statements and correspondence between the parties from which such facts might be inferred. On the other hand, the evidence of the plaintiffs' agent, hereinbefore given, justifies the inference that these goods were not of special design or quality, but were such as the plaintiffs manufactured in large quantities and kept constantly on hand with which to supply their customers generally. From this it may be easily inferred that the date when the order of cancelation was given would be unimportant, as no loss could be caused thereby except the loss of the sale. These different inferences, each justified by the facts and circumstances given, seem to present a jury question. This is the important, indeed the controlling, question in the case. If the inference that delay in canceling the order until a large part of the goods had been made up would cause the plaintiffs a material loss should prevail, it is manifest that a reasonable time under such circumstances would be shorter than if the delay would not have that effect. There are other circumstances in the case which might be used to sustain each of these inferences, but this is sufficient to indicate that the facts of this case are not "undisputed" in the sense in which that word is

Bauman v. McManus.

used where it has been said that what constitutes a reasonable time is a question of law where the facts are undisputed. (24 A. & E. Encycl. of L. 645, note 7.) In volume 23 of the American and English Encyclopædia of Law, at pages 560 and 562, it is said:

"This power of the court to withdraw the case or particular questions of fact from the jury because the evidence is not conflicting should undoubtedly be exercised only in a very clear case, and in no case when the evidence is to any extent conflicting or when the evidence is such that different minds might honestly draw different conclusions therefrom."

"It is well settled that it is only when the evidence leaves the material facts admitted or substantially undisputed, and only when these facts are such that reasonable men, in the exercise of an honest and impartial judgment, can fairly draw but one conclusion from them, that the court may properly withdraw the case from the jury. If the evidence relative to the material facts develops a substantial conflict, or from the admitted or established facts the unprejudiced minds of reasonable men may well draw different conclusions, it is the duty of the court to submit the issues to the jury."

The last proposition is supported by abundant authorities cited by the author from both federal and state courts. We conclude that the district court did not err in submitting this question to the jury.

The verdict finds in effect that the right to cancel the order was exercised within a reasonable time. As this disposes of the case, the other questions discussed need not be considered. The judgment of the district court is affirmed.

PORTER, J. (dissenting) : Presumably the amount of goods manufactured by the plaintiffs depended to some extent at least upon the amount of sales contracted for, and therefore the fact that some of the goods were of a kind used in the ordinary trade would not affect the question whether the order was canceled in reasonable time.

The jury found that the defendants knew when the

order was given that the plaintiffs were to manufacture the goods for them. The order was given November 12, 1903, and the goods were to be manufactured in New York and shipped March 1, 1904. Of the 107 days intervening the defendants waited 70 days, or practically two-thirds of the time, before attempting to cancel the order. These facts are undisputed, and on them, I think, the court should declare as a matter of law that the cancelation was not within a reasonable time.